CUMMER MFG. CO. OF TEXAS v. FIRST NAT. BANK OF CENTER.
(No. 1352.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1915.)

1. CORPORATIONS ⊕⇒432 — AUTHORITY OF AGENT—BURDEN OF PROOF.

Where an agent of defendant lumber company agreed to pay S. a commission on a lumber purchase, and S. drew on the company for the commission, and negotiated the draft to plaintiff bank, the burden of proving the agent's authority was on the bank in a suit on the draft.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. ⊕⇒432.]

2. CORPORATIONS ⊕⇒432 — AUTHORITY OF AGENT—CONTRACT FOR PAYMENT OF COMMISSIONS—SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to show that defendant lumber company had authorized its agent to contract on its behalf to pay commissions on lumber purchases for it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. ⊕⇒432.]

3. PRINCIPAL AND AGENT ⊕⇒99—AUTHORITY OF AGENT—IMPLIED AUTHORITY—ACTS NECESSARY TO EXECUTE EXPRESSED AUTHORITY.

Express actual authority of an agent carries with it implied actual authority to perform all acts necessary to the execution of the express authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 254–261; Dec. Dig. ⊕⇒99.]

4. CORPORATIONS ⊕⇒407 — AUTHORITY OF AGENT—IMPLIED AUTHORITY OF BUYER AND INSPECTOR OF LUMBER FOR LUMBER COMPANY.

One employed by a lumber company to inspect and buy lumber is not also authorized, as incidental and necessary to the execution of his express authority, to contract on behalf of the company to pay commissions on his purchase of lumber to one indicating where such lumber may be secured.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1615–1619; Dec. Dig. ⊕⇒407.]

Appeal from Shelby County Court; Edgar W. Hooker, Judge.

Action by the First National Bank of Center against the Cummer Manufacturing Company of Texas and T. T. Sanders. From the judgment, defendant Manufacturing Company appeals. Affirmed as to Sanders, and reversed as to the appellant.

The appellee bank was the plaintiff, and the appellee T. T. Sanders and appellant were the defendants, in the court below. In its petition the bank alleged that on March 12, 1913, Sanders gave it a draft drawn by him in its favor on appellant for $250, "which," quoting from said petition, "was commission due by the defendant Cummer Manufacturing Company to the defendant Sanders on 500,000 feet of lumber shipped from Texas Manufacturing Company, Honey Island, Tex., to the defendant Cummer Manufacturing Company, which was 50 cents per 1,000 feet commission due the said T. T. Sanders by said Cummer Manufacturing Company of Texas on the sale of said lumber, and the said commission being due by the defendant Cummer Manufacturing Company to the said T. T. Sanders, and the said T. T. Sanders executing said draft in the name of this plaintiff for said sum of $250, the said Sanders and the said Cummer Manufacturing Company of Texas became liable and bound to pay the plaintiff the said sum of $250 as aforesaid. Plaintiff says that about April 1, 1911, the Texas Manufacturing Company, Honey Island, Tex., had a great quantity of hardwood lumber on their yard at Honey Island, Tex., of more than 500,000 feet, consisting mostly of oak and gum lumber, known as hardwood, and the defendant Cummer Manufacturing Company negotiated with the defendant Sanders for the purchase of said lumber, and agreed to pay said Sanders the sum of 50 cents per 1,000 feet commission on all the lumber of Texas Manufacturing Company as aforesaid, and the said Cummer Manufacturing Company of Texas purchased all of said lumber, amounting to more than 500,000 feet, through the defendant Sanders, and by such purchase and agreement to pay the said Sanders the 50 cents per 1,000 feet commission as aforesaid the defendant Cummer Manufacturing Company of Texas became liable and bound to pay to the defendant Sanders the commission as aforesaid amounting to the sum of $250. Plaintiff says it is now the legal owner and holder of the indebtedness due by the Cummer Manufacturing Company to the defendant Sanders," etc.

Appellant's answer consisted of a general denial and a plea setting up the statute of limitations of two years. Sanders did not file an answer to the suit.

From testimony heard it appeared that the basis of the suit was a claim by Sanders, which he had assigned to the bank, that appellant, by the terms of a contract between him and one Brommer, acting for appellant as its agent, owed him $250. With reference to that asserted contract Sanders testified that about March 1, 1911, Brommer was looking for hardwood lumber which he could purchase for appellant; that he (Sanders) then told Brommer he was in a position to let him know where he (Brommer) could buy between 350,000 and 500,000 feet of such lumber; that Brommer then stated to him that if he would furnish him such information appellant would pay him 50 cents per 1,000 feet for all the lumber it might purchase from the party he referred it to; that he then stated to Brommer that he

understood that the Texas Lumber Manufacturing Company of Honey Island had between 300,000 and 500,000 feet of such lumber which could, he thought, be purchased at a reasonable price; that Brommer then stated to him that some time in the very near future he would go down and look over the lumber, and if the grades and prices were satisfactory appellant would pay him 50 cents per 1,000 feet for all thereof it purchased; that within a few weeks afterward he met Brommer again, and was informed by him that he 'was then on his way to Honey Island to inspect the lumber for appellant, and that Brommer then again stated to him that appellant would pay him 50 cents per 1,000 feet for "all the hardwood lumber he took up for it from the yard stock of the Texas Lumber Manufacturing Company then on hand." Sanders further testified that he had no contract with the Texas Lumber Manufacturing Company to sell its lumber, had never been to Honey Island, and did not know at the time he had the conversation with Brommer, what lumber, if any at all, the Texas Lumber Manufacturing Company then had on its yards, "but understood from correspondence that they had something about 500,000 feet."

If appeared from other testimony that from March 14, 1911, to March 29, 1912, the Texas Lumber Manufacturing Company sold to appellant 362,164 feet of hardwood lumber.

Brommer testified that from October, 1910, to October, 1911, he was employed by appellant as an inspector and buyer of lumber for it; that he had no authority to make, and did not make, with Sanders any such contract as the one Sanders claimed he had made with him; that Sanders talked to him about selling lumber, and was informed by him that he could not make a contract with him (Sanders); that he told Sanders to "go to the Cummer Manufacturing Company himself"; and that he "never offered Sanders any commission on any transaction, and was not advised by him that this [the Texas Lumber Manufacturing Company's] lumber was for sale, as I knew long before it was for sale."

On special issues submitted to them the jury found: (1) That Brommer contracted with Sanders as the latter claimed he did; (2) that Brommer, as the agent of appellant, had authority to so contract; (3) that appellant, within the terms of that contract, purchased 362,164 feet of hardwood lumber of the Texas Lumber Manufacturing Company.

On the findings made by the jury and findings made by himself, the court rendered judgment in favor of the bank against appellant and Sanders for $165.23, and against Sanders for the difference between that sum and $250, to wit, the sum of $84.77. The appeal is prosecuted by appellant alone.

Davis, Davis & Davis, of Center, for appellant. J. M. Sanders, of Center, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] As we think that the contention made that the testimony was not sufficient to support the finding that Brommer, as appellant's agent, had authority to bind it by the contract Sanders claimed Brommer made with him should be sustained, it will not be necessary to consider the further contention made by appellant that the judgment is erroneous because it was not shown how much of the lumber, if any, purchased by appellant of the Texas Lumber Manufacturing Company was lumber covered by that contract.

The burden of proving that Brommer had the authority claimed for him was on the bank. The testimony heard went no further than to show that Brommer was an inspector and buyer for appellant, and that in November, 1911, he, acting for appellant and in its name, contracted with Sanders in writing that appellant would act for him (Sanders) in the sale on commission of the output of a sawmill he was then operating. As it was not shown that appellant acted upon or in any way recognized the contract as its own, or even that it ever knew of the existence thereof, the fact that Brommer made it was without probative force on the issue as to whether he was authorized to make the contract in question here or not. The finding of the jury, therefore, must be treated as without other support than that furnished by the proof showing Brommer to have been an inspector and buyer for appellant.

[3, 4] It was not pretended that the authority claimed for Brommer could be referred to a custom or usage binding upon appellant. The contention was, it seems, that appellant should be held to be bound by the contract in question because it was incidental to authority it conferred upon Brommer when it employed him to inspect and buy lumber for it. It is true that every express power conferred by the principal upon his agent carries with it, as an incident, "the authority to do whatever is usual and necessary to carry into effect the principal power." 1 Am. & Eng. Enc. Law, p. 997; 1 Clark & Skyles on the Law of Agency, § 209. But the principle has no application to the facts of this case. It did not appear that it was either usual or necessary for a person employed, as Brommer was, to inspect and buy lumber, to employ at his principal's expense another or other persons to assist him in the discharge of his duties.

The judgment will be affirmed in so far as it is in favor of the bank against Sanders. In so far as it is in favor of the bank against appellant it will be reversed, and judgment will be here rendered that the bank take nothing by its suit against appellant.